*2 OPINION OF THE COURT
Joseph Harris, J.
The People move, pursuant to CPL 240.40 (subd 2) for an order to compel the defendant to disclose to the People a certain item of claimed nontestimonial evidence, believed to be in his actual or constructive possession and under his control, namely, a statement purportedly signed by one Harry Vance, a key prosecution witness, and purportedly exculpating the defendant with respect to the charges herein.
The moving papers show substantial and reasonable cause to believe that the document is a forgery and that the forgery was committed by the defendant. The answering papers of the defendant do not refute this contention of the People. Indeed, the defendant’s attorney avers that under the circumstances, not only would it be foolish for the defendant to use the document at trial but that the defendant has absolutely no intention of using it at trial.
If this document is indeed a forgery by the defendant, there can be only three possible reasons for which the People can desire its pretrial discovery. The first is for the purpose of pretrial analysis by a documents examiner to determine the forged nature of the document in order to combat its use by the defendant for impeachment purposes on the cross-examination of the prosecution witness Harry Vance. Such a purpose for discovery of the subject document does not involve “testimonial compulsion” on the part of the defendant, and is a legitimate purpose that furthers the interest of justice and the integrity of the fact-finding process at trial. Nor ought the People to be satisfied by present protestations by the defendant and his present counsel that they will not use the document in any way at the trial, for “present attorneys” have a way of being discharged and giving way to “future attorneys” who are not bound by the commitments of the former, and present protestations of parties to a litigation have a way of being abandoned when it is to their advantage to do so.
However, if the document in question is indeed a forgery by the defendant, then it is obviously a document prepared *3 by the defendant, and probative of a “consciousness of guilt”. If desired by the People for use for this purpose, the document indeed is testimonial in nature and to compel its production under the pretrial discovery statute involves testimonial compulsion contrary to the Fifth Amendment, the same as, for example, a written confession in defendant’s possession. This is not a permissible use of pretrial discovery.
And, of course, it is not a permissible use of pretrial discovery to obtain from a defendant a document purportedly forged by him for the purpose of charging him with forgery. This too is testimonial compulsion.
Accordingly, balancing all of the above considerations, the court orders that the defendant is precluded at the trial of the charges herein from using the document in question unless prior to commencement of selection of the jury the document is produced by him for inspection and examination by the District Attorney and his expert. Under this procedure no unfair prejudice can be incurred by the defendant. Either the document is a forgery or it is not. If it is not a forgery it is nontestimonial and discoverable under CPU 240.40 (subd 2), and its production cannot prejudice the defendant. If it is a forgery, it ought not to be used by the defendant and if the defendant does use it at the trial, the document can be used by the People for any relevant purpose they desire. This is not a “Hobson’s choice” for the defendant, for a “Hobson’s choice” implies two conflicting legitimate options. Here, of the options offered to the defendant, only one is legitimate, and which it is clearly known to the defendant and his choice to make. (See People v Copicotto, 50 NY2d 222.)
The court has examined all other arguments of the defendant and finds them without merit.
Nothing in this decision shall be construed to prevent the People at trial to utilize any legal and legally obtained evidence to show a consciousness of guilt on the part of the defendant.