# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD ALAN YOUNG,
*Appellant.*

(86-1160; CA A44569)

767 P2d 90

Gary D. Babcock, Public Defender, and Sally L. Avera, Deputy Public Defender, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for sodomy in the third degree. ORS 163.385. The indictment charged that defendant engaged in deviant sexual intercourse with a person under the age of 16. Defendant assigns as error that, after finding that defendant had committed a discovery violation, the court suppressed a tape recording and transcripts of the tape of a telephone conversation between the victim and defendant's son which occurred after the alleged offense. *See* ORS 135.835; ORS 135.845; ORS 135.865.[1] We affirm.

Five days before the trial began, defense counsel gave the state a list of witnesses. She did not list any exhibits. In court, on the morning of trial, the prosecutor saw defense counsel mark a tape and transcripts of the tape as exhibits. She had had the tape for about two weeks and had made two

---

[1] ORS 135.835 provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the defendant shall disclose to the district attorney the following material and information within the possession or control of the defendant:

"(1) The names and addresses of persons, including the defendant, whom the defendant intends to call as witnesses at the trial, together with relevant written or recorded statements or memoranda of any oral statements of such persons other than the defendant.

"(2)·Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons, which the defendant intends to offer in evidence at the trial.

"(3) Any books, papers, documents, photographs or tangible objects which the defendant intends to offer in evidence at the trial."

ORS 135.845 provides:

"(1) The obligations to disclose shall be performed as soon as practicable following the filing of an indictment or information in the circuit court or the filing of a complaint charging a misdemeanor or violation of a city ordinance. The court may supervise the exercise of discovery to the extent necessary to ensure that it proceeds properly and expeditiously.

"(2) If, after complying with the provisions of ORS 135.805 to 135.873, a party finds, either before or during trial, additional material or information which is subject to or covered by these provisions, the party must promptly notify the other party of the additional material or information."

ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

transcripts of it but had not disclosed the tape or the transcripts to the prosecutor. Defendant's counsel explained to the court that the tape was of a recent telephone conversation between defendant's son and the victim and that she had no objection to the prosecutor listening to the tape and reading the transcripts.

From the tape and transcripts, a jury could find that the victim had told defendant's son that defendant had not committed the offense and that a CSD worker had promised the victim immunity from prosecution on certain juvenile charges if he testified against defendant at the sodomy trial but, otherwise, the state would prosecute him on the juvenile charges and for perjury for his grand jury testimony against defendant.

The prosecution told the court that the discovery statutes required that defendant timely disclose the tape and transcripts to him and that the state would be prejudiced if defendant used the tape and transcripts at trial. Apparently, the prosecutor urged the court to suppress the tape and transcripts:

"[THE STATE]: * * * [I]f I had done this to the defense, what would the sanction be?

"THE COURT: You know what I would do * * *.

"[THE STATE]: I do know what you would do and I'm asking for the same sanction in regard to the defense."

Defendant's counsel asserted that she had not committed a discovery violation, because ORS 135.835(3) and ORS 135.845 only apply to evidence that a defendant "intends" to offer. She argued that she intended to offer the tape and transcripts for impeachment purposes only if the victim were to testify contrary to his statements on the tape. Consequently, she argued, she did not "intend" to offer the tape and transcripts within the meaning of the discovery statutes.

The court found that defendant's counsel had committed a discovery violation. It stated:

"I'm going to suppress it. I think there is clearly a violation. It's clear that the victim intends to come in here and say that

these acts occurred and that the defendant knew that; otherwise, there wouldn't be a trial; and has evidence of prior inconsistent statements that they knew they were going to be introduced into evidence.

"There wouldn't be a case if the victim wasn't going to testify consistent with the charge in the indictment and they weren't disclosed and they should have been and to come in at this late date puts an unfair prejudice on the State."

The court also said:

"Had the State had the evidence, they could have investigated it further; could have discussed it with the alleged victim. They could have made a decision as to how to charge or whether to charge, how to prepare and it's just a clear violation of the discovery statutes to not disclose that to the State until the day of trial.

"There is no sanction at this late date which is appropriate other than suppressing the evidence, so any evidence of that telephone conversation with the alleged victim, including the transcripts, the tape recording or testimony from the party who had the telephone conversation with him is suppressed and all references to it as well."

Defendant asked the court to reconsider its ruling and allow admission of the tape and transcript. The following exchange occurred:

"[DEFENSE COUNSEL]: *I would be willing not to use the tape or the transcript so long as I could put [defendant's son] on the stand to testify not to everything in there, but to testify—*

"THE COURT: I'm going to limit it at this point to that aspect, whether or not [defendant's son] could testify as to what the alleged victim in this case told him.

"[DEFENSE COUNSEL]: And that would be only as to—[defendant's son] asked [the victim], 'Is it true that my dad did those things to you behind the blue house?'

"And [victim] answered to him, 'No.'

"That would be the extent of it. Nothing about coercion and nothing about being forced to make statements before the grand jury or anything." (Emphasis supplied.)

After further discussion, the court stated:

"[T]he question is whether or not the witnesses may be allowed to testify solely as to what the alleged victim in this

case said and I know [the state] has argued quite well that what [defendant's son] would say of the statements made to [him] by [the victim].

"* * * I think that these witnesses, in that their names were disclosed to the State may be allowed to testify as to what [the victim] said to them. No more.

"In other words, if [the victim] testifies, he may be asked if in fact he did not tell something different to [defendant's son] on a particular day that he may have made those statements and if he denied it, [the witness] may be called to testify that on occasions, he said something different to [him]. That's permissible and I will allow that."

Defendant made no objection.

At trial, the state called the victim as a witness, but did not ask him about the telephone conversation with defendant's son. The court then allowed defense counsel to cross-examine the victim about the telephone conversation. In response to questions, he denied that he had been promised that charges against him would be dropped in exchange for his testimony. He also denied that he had told defendant's son that defendant had done nothing to him. On redirect examination, he admitted that during that conversation he had told defendant's son that he "wasn't sure" whether the crime had occurred. He again denied, however, that he had told defendant's son that any promises had been made to him in exchange for his testimony. The court also allowed defendant to call his son as a defense witness. The son testified that he and the witness had a telephone conversation in which the victim had stated both that defendant had not committed the offense and that a "deal" had been made with the understanding "that the charges would be dropped."

 Defendant's counsel's failure to disclose the tape and transcripts to the prosecutor was a violation of ORS 135.835(3) and ORS 135.845. In *State v. Burdge,* 295 Or 1, 664 P2d 1076 (1983), the court discussed the applicability of the discovery statutes to impeachment witnesses. It recognized that "in many cases [it is] reasonably predictable what an adverse witness will testify to, therefore making the selection of impeachment witnesses possible." 295 Or at 6. If, however, "defense counsel could not have anticipated," 295 Or at 7, that it would become necessary to call a witness to impeach the

state's witness, the statutes do not require disclosure. The court emphasized that "it may not develop until trial is in progress that a state's witness has given testimony which is subject to impeachment by some person the defense had not previously intended to call as a witness." 295 Or at 7. *See also State v. Wolfe,* 273 Or 518, 542 P2d 482 (1975). What the court said with respect to impeachment witnesses applies also to exhibits. We conclude that, if defense counsel, even though not certain, can "reasonably predict" that she will use certain exhibits to impeach a state's witness, she must give timely discovery to the prosecutor.

Defense counsel must have contemplated that the state would call the victim to testify that defendant had sodomized him. As the court indicated, that testimony was essential to the state's case-in-chief. The tape and transcripts would be inconsistent with that testimony and, therefore, could be vital as impeachment evidence. Indeed, defendant's counsel spent a substantial amount of time listening to the tape and transcribing it just because she contemplated using the tape and transcripts. Her failure to disclose them to the prosecutor was a discovery violation.

Defendant also argues that, even if his counsel violated the discovery statutes, the court abused its discretion when it suppressed the tape and the transcripts. The record shows that, in the light of the court's ruling that there was a discovery violation, defense counsel agreed that the more limited sanction that the court finally imposed was acceptable. She advised the court that she would "be willing not to use the tape or the transcript" if the court allowed the testimony that in fact the court permitted. Accordingly, although defense counsel did not waive her position that there was no discovery violation, she did not preserve a claim that, if there was a discovery violation, the court should not have excluded the tape and transcripts as a sanction.

Affirmed.