■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MORRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered June 3, 1988, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 13, 1987, the defendant, the codefendants Lavon Richardson and Jacques Webb, and a fourth youth, were "hanging out" on a street corner, when two other teenage boys walked by, one of whom was wearing a gold chain with a large gold medallion, as well as a gold ring. In the course of an ensuing altercation, one of the defendant's group demanded the victim's chain and ring. When the victim refused, the defendant shot him in the face. As the victim was falling to the ground, one of the perpetrators snatched his gold chain, and the defendant and the other youths then ran away.

On appeal, the defendant contends that his constitutional right to be present at trial with counsel was violated when the court conducted his codefendants' *Wade* hearing and discussed whether to sever the three cases while the defendant's attorney was away on vacation. The defendant also maintains that his trial counsel was ineffective.

"In every criminal proceeding, a defendant has an absolute right to be present, with counsel, 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge[s]' " brought against him *(People v Ciaccio,* 47 NY2d 431, 436; *People v Mullen,* 44 NY2d 1, 4-5). Here, the *Wade* hearing held to evaluate an eyewitness' pretrial identification of the codefendants Richardson and Webb did not constitute a "material stage" of the defendant's trial at which he had an absolute right to be present with counsel. By parity of reasoning, the defendant did not have a constitutional right to counsel at his codefendants' *Wade* hearing because that proceeding was not a critical stage of his trial, as it was unrelated to his prosecution *(cf., People v Wicks,* 76 NY2d 128).

Nor was the defendant deprived of his right to counsel because of his attorney's absence during preliminary discussions regarding the possible severance of the three defendants' trials. We note that the court made no final decision regarding this issue until March 30, 1988, when the defendant's counsel was present, pressed his arguments for severance, and participated in the redaction of the sole codefendant's statement to be admitted into evidence.

The defendant's trial counsel was far from ineffective. Counsel was extremely active throughout the proceedings—objecting, making motions, cross-examining, and arguing persuasively on summation. Moreover, the defense counsel presented a coherent intoxication defense to the jury, even persuading

the trial court to charge the jury on the possible effects of intoxication on the defendant's intent. An attorney who presents a well-grounded but unsuccessful defense will not later be held to have provided ineffective assistance of counsel *(People v Lane,* 60 NY2d 748; *People v Baldi,* 54 NY2d 137). Nor was counsel's failure to move for a *Wade* hearing on behalf of his client upon his return from vacation indicative of ineffective assistance. Such a suppression application, under the facts and circumstances as they emerged from both the codefendants' *Wade* hearing *(i.e.,* the lineups were impeccably conducted) and at trial, would inevitably have been denied *(see, People v Perez,* 133 AD2d 856; *see also, People v Belgrave,* 143 AD2d 103; *People v Lawton,* 134 AD2d 454).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.