■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JACKSON, Appellant. [631 NYS2d 424] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 21, 1993, convicting him of murder in the second degree (four counts), burglary in the first degree (two counts), robbery in the first degree (two counts), burglary in the second degree, robbery in the second degree (two counts), grand larceny in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his constitutional and statutory right to be present at the suppression hearing *(see,* CPL 260.20; *People v Morales,* 80 NY2d 450; *People v Anderson,* 16 NY2d 282), was not violated after the hearing court continued the hearing in his absence. The defendant's presence is required only where it has "a relation, reasonably substantial, to the fullness of his opportunity to defend [himself]" *(Snyder v Massachusetts,* 291 US 97, 106; *see also, People v Velasco,* 77 NY2d 469, 472). Because the proceeding related solely to issues regarding the codefendant, the defendant's presence would have been meaningless.

Further, the sentencing court did not err by imposing consecutive sentences with respect to two counts of felony murder. Although the two victims' deaths may have occurred in the course of a single extended transaction, separate acts caused their deaths and neither act was a material act of the other *(see,* Penal Law § 70.25 [2]; *People v Truesdall,* 70 NY2d 809). Nor was the defendant's sentence excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Te-*

*vaha,* 84 NY2d 879; *People v Hopkins,* 76 NY2d 872; *People v Medina,* 53 NY2d 951; *People v Tutt,* 38 NY2d 1011) or do not require reversal. Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.