*76 OPINION OF THE COURT
Robert G. Seewald, J.
Motion by the People to compel the defendant to furnish them with a copy of two tape-recorded interviews which defense counsel and his investigator separately conducted of a prosecution witness is granted to the extent of directing defense counsel to either make said disclosure prior to the commencement of trial (see, State v Strandy, 49 Wash App 537, 745 P2d 43, review denied 109 Wash 2d 1027) or, upon his failure to do so, precluding his complete use of said tapes for any purpose upon the trial of the instant indictment (see, State v Young, 94 Ore App 683, 767 P2d 90).
Defendant has been indicted on two counts of murder in the second degree (Penal Law § 125.25 [1], [2]) for allegedly causing the death of a two-year-old boy. In the course of pretrial investigation, the defense conducted two interviews of Lisa Figueroa, the infant’s mother, which were tape recorded by counsel and his investigator.
Since Ms. Figueroa will now be a witness for the prosecution, the People, who apparently learned of the existence of these tapes during jury selection, move for their disclosure. The defense, however, opposes the application upon the sole and exclusive ground that there is no authority to judicially sanction such disclosure. The court does not agree (see, CPL 240.30 [1] [b]; 240.40 [2]).
Preliminarily, defense counsel does not argue that the subject tapes are immune from discovery under the work product doctrine (see, Hickman v Taylor, 329 US 495), "which generally serves to bar discovery of documents prepared in anticipation of litigation or for trial [citations omitted]” (People v Small, 631 P2d 148, 158 [Colo], cert denied 454 US 1101). In any event, "[r]ecorded or transcribed interviews of the prosecution witnesses are unlikely to contain the 'opinions, theories or conclusions’ of defense counsel” (State v Yates, 111 Wash 2d 793, 801, 765 P2d 291, 296), and this court’s in camera inspection of the two tapes confirms that the portions of the tapes previously orally ordered disclosed (on the record on Dec. 5, 1996) do not do so here. Thus, "[tjhat being the case, the tape[s] cannot be deemed to be a work product” (State v Strandy, 49 Wash App 537, 540, 745 P2d 43, 46, supra).[1]
Returning to the issue at hand, the Legislature, in enacting CPL article 240, has prescribed a detailed discovery regimen in *77 New York. "Items not enumerated in article 240 are not discoverable as a matter of right unless constitutionally or otherwise specially mandated [citations omitted]” (People v Colavito, 87 NY2d 423, 427). As applied to the prosecution, "[t]he scope of the People’s right to have discovery of defendant’s evidence on demand, without the need for a motion, is set forth in [CPL 240.30]” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.30, at 252). As noted by one leading commentator on the CPL, "Reciprocal discovery is now a fully accepted fact of criminal litigation” (ibid.), a principle which is dispositive of the instant controversy.
Here, disclosure of the tapes is not only statutorily prescribed by CPL 240.30 (1) (b), it is also "specially mandated” (People v Colavito, 87 NY2d, at 427, supra) predicated upon principles of fundamental fairness.
The applicable statute, CPL 240.30 (1) (b), provides in relevant part as follows:
"1. Except to the extent protected by court order, upon a demand to produce by the prosecutor, a defendant against whom an indictment * * * is pending shall disclose and make available for inspection * * * copying or testing, subject to constitutional limitations * * *
"(b) any * * * tape oR other electronic recording which the defendant intends to introduce at trial.”
In construing a similar statute[2] in State v Young (94 Ore App 683, 689, 767 P2d 90, 93, supra), the Oregon Court of Appeals held that defense counsel’s failure to disclose a tape recording of a telephone conversation between the victim and the defendant’s son was clearly a discovery violation, noting "that, if defense counsel, even though not certain, can 'reasonably predict’ that she will use certain exhibits to impeach a state’s witness, she must give timely discovery to the prosecutor”.
Since the defendant in Young (supra) had failed to disclose the tape recording, the prosecution sought the remedy of preclusion. The following colloquy between the court and the prosecutor referable to this issue is notable:
*78 " 'the state: * * * [I]f I had done this to the defense, what would the sanction be?
" 'the court: You know what I would do * * *
" 'the state: I do know what you would do and I’m asking for the same sanction in regard to the defense.’ ” (State v Young, supra, 94 Ore App, at 686, 767 P2d, at 91-92.)
In response, the court granted the prosecutor’s motion to the extent of ordering limited preclusion — i.e., allowing defense witnesses whose names were previously disclosed to the prosecution to testify what the victim had said to them. It rejected defense counsel’s argument "that she intended to offer the tape and transcripts for impeachment purposes only if the victim were to testify contrary to his statements on the tape [and, therefore,] she did not 'intend’ to offer the tape and transcripts within the meaning of the discovery statutes” (State v Young, supra, 94 Ore App, at 686, 767 P2d, at 92).
In resisting disclosure in our case, defense counsel does not take refuge behind the word "intend”, as counsel did in State v Young (supra), by asserting that he does not intend to introduce the tapes at trial. Nor does he argue that CPL 240.30 (1) (b) is not controlling here.
In any event, the court holds that, as a matter of fundamental fairness, the People are clearly entitled to pretrial discovery of all statements — whether they be tape recorded, handwritten or stenographically transcribed — of its witnesses that were previously obtained by the defense. This is a right, it must be emphasized, which is currently enjoyed by criminal defendants, as case law plainly illustrates that the prosecution may be compelled to disclose its written statements, as well as Grand Jury testimony, taken from witnesses who will be testifying for the defense (see, e.g., People v Barbera, 220 AD2d 601, lv denied 88 NY2d 844; People v Gladden, 72 AD2d 568); and, as observed earlier, reciprocal discovery has been the law in New York since the enactment of CPL article 240.
Clearly, "[t]he defendant’s due process rights [are] not violated by the production of the [tapes]. 'Trial by ambush, or the old fox-and-hounds approach to litigation, does not promote accuracy or efficiency in the search for truth.’ [Citations omitted.] Criminal discovery is not a one-way street flowing in the direction of the defense. [Citations omitted.]” (People v Small, 631 P2d 148, 158, supra.)
Thus, for example, in State v Strandy (49 Wash App 537, 745 P2d 43, supra) the Washington Court of Appeals rejected the *79 defendant’s argument that the trial court could not require him to disclose his tape-recorded interview of a prosecution witness.
Similarly, in State v Yates (111 Wash 2d 793, 796, 765 P2d 291, 293, supra), the Supreme Court of the State of Washington held that the trial court did not abuse its discretion to the extent that its "order encompassed the pretrial disclosure of statements, signed or unsigned, recorded or written, given by potential prosecution witnesses during interviews with defense counsel or their investigator” (see also, State v Culkin, 791 SW2d 803, 811 [Mo] [court directed, after an in camera inspection, defense counsel to disclose to the prosecution all notes of his interview of the victim]; People v Garay, 105 Misc 2d 1, 3).
Accordingly, the People’s motion is granted to the extent indicated above.

. The work product " 'privilege’ is not absolute; it is not personal to the client; and it can be waived by an attorney’s course of conduct” (People v *77 Small, 631 P2d 148, 159, supra). Thus, if the defense here elects to use the tapes as impeachment evidence, it will have "waived the work product privilege with respect to matters covered [therein]” (supra).

. Oregon Revised Statutes § 135.835 provides, in relevant part, that
"defendant shall disclose to the district attorney * * *
"(3) Any books, papers, documents, photographs or tangible objects which the defendant intends to oifer in evidence at the trial”.