■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANT BELTON, Appellant. [680 NYS2d 257] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarano, J.), rendered May 5, 1995, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his right to be present during a material stage of the proceedings was violated when he did not attend two sidebar conferences after which two prospective jurors were excused by the court. The defense counsel's waiver of the defendant's right to attend the two sidebar conferences

constituted an effective waiver of the defendant's right to be present (*see, People v Stokes,* 216 AD2d 337; *People v Spruill,* 212 AD2d 381). In any event, since the sidebar conferences related to the court's inquiry concerning matters which might lead to a juror's disqualification, such as physical impairments, family obligations, and work commitments, the defendant had no statutory or constitutional right to participate in the conferences as the disqualification of the prospective jurors prior to formal voir dire was a matter for the court (*see, People v Camacho,* 90 NY2d 558; *People v Velasco,* 77 NY2d 469). Moreover, as the prospective jurors were excused by the court, the record negates the possibility that the defendant's presence could have had an impact on the outcome of the trial (*People v Maher,* 89 NY2d 318; *People v Roman,* 88 NY2d 18).

The defendant's remaining contention is without merit. Mangano, P. J., Sullivan, Florio and McGinity, JJ., concur.