■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VOSS, Appellant. [691 NYS2d 489] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered November 26, 1996, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree and, sentencing him, as a second felony offender, to concurrent terms of 15 years for the convictions of robbery and criminal possession of a weapon in the second degree, 5 years for the conviction of criminal possession of a weapon in the third degree, and 3 to 6 years for the conviction of reckless endangerment, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction for criminal possession of a weapon in the third degree and dismissing that count of the indictment, and otherwise affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb any of the hearing court's credibility determinations. Defendant was properly detained for purposes of identification based on reasonable suspicion that he was involved in a shooting incident. Contrary to defendant's argument, the radio transmission clearly indicated that defendant was a suspect rather than a victim or witness, since the transmission reported that defendant had fled onto subway tracks. The radioed description of a black man in a red shirt and black jeans was sufficiently specific, particularly since, in addition to the physical description, the transmission indicated the flight path of the suspect (*see, People v Plato*, 247 AD2d 317, *lv denied* 91 NY2d 976; *People v Acevedo*, 181 AD2d 596, *lv denied* 79 NY2d 1045). Within a few minutes of receiving the transmission that the suspect had fled onto the subway tracks, the police officer encountered defendant, who matched the description, in the first car of a subway train a few blocks from the crime scene and overheard statements by the subway motorman indicating that a man had entered the train from the tracks. Defendant's claim that the subsequent showup identification was unduly suggestive is not preserved for appellate review and we decline to review it in the interest of justice. Were we to review this claim, we would find that under all the

circumstances, the prompt showup identification procedure did not create a substantial likelihood that defendant would be misidentified (*see, People v Love*, 57 NY2d 1023).

Since both weapon counts involve the same weapon, we dismiss the count of criminal possession of a weapon in the third degree in the interest of justice (*see, People v Wade*, 221 AD2d 276, *lv denied* 87 NY2d 926). Defendant has established no basis for the dismissal of the second-degree robbery count. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.