██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMOS, Appellant. [693 NYS2d 158] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 22, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that a criminal defendant has a right to be present, *inter alia*, at all material stages of trial. at which evidence is introduced (*see, People v Monroe,* 90 NY2d 982; *People v Williams,* 85 NY2d 945). Thus, to the extent that the appellant, as opposed to any of his six codefendants, was the focus of the pretrial proceedings to determine the admissibility of evidence at trial, he had a right to be present (*cf., People v Jackson,* 219 AD2d 675; *People v Morris,* 187 AD2d 460). However, it is also settled that the right to be present may be waived (*see, People v Spotford,* 85 NY2d 593; *People v Belton,* 254 AD2d 297; *People v Stokes,* 216 AD2d 337). Under the facts of the instant case, we conclude that the appellant's right to be present during all portions of the pretrial suppression proceedings were waived. This was a complicated trial that initially involved seven defendants who allegedly participated in a fatal gang-related attack. The court, with the acquiescence of all. seven defense attorneys, structured the proceedings so that only the defendants who were the subject of each witnesses' identification testimony would be present in court during that testimony. While on several occasions there was passing mention of the appellant during testimony that was given in his absence, no proceedings material to the appellant's case were in fact conducted in his absence (*see, People v Jackson, supra; People v Morris, supra*). On the whole we are satisfied that the appellant's rights were adequately protected, and that he received a fair trial.

The appellant's remaining contentions are without merit. S. Miller, J. P., Ritter, Thompson and Altman, JJ., concur.