■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PEREZ, Appellant. [714 NYS2d 668] —Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered May 12, 1997, convicting defendant, after a jury trial, of four counts of murder in the second degree, and sentencing him to two concurrent terms of 25 years to life to run consecutively to two concurrent terms of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see*, *People v Bleakley*, 69 NY2d 490). There is no basis upon which to disturb the jury's determinations concerning credibility. Defendant's guilt as to one incident was established by credible eyewitness testimony, and his guilt as to the other incident was established by circumstantial evidence, including incriminating statements made by defendant and reasonable inferences that may be drawn therefrom.

The court properly permitted the People to impeach a witness with her Grand Jury testimony, accompanied by a limiting instruction, since her testimony at trial affirmatively damaged the People's position (*see*, CPL 60.35 [1]). The witness's trial testimony, that defendant stood by while others discussed their participation in a murder, was exculpatory (*see*, *People v Faulkner*, 220 AD2d 525, *lv denied* 87 NY2d 901).

The court correctly refused defendant's request, during deliberations, to instruct the jury on the limited value of evidence concerning consciousness of guilt. The threatening comments defendant made about a potential witness included an inferential admission of guilt and thus went beyond merely evincing a consciousness of guilt.

On the existing record, we find that defendant received meaningful representation at sentencing. There is no reason to believe that defendant's sentence would have been more lenient had counsel made different remarks on his behalf at sentencing (*see*, *People v Maisonette*, 234 AD2d 27, *lv denied* 89 NY2d 1013). Furthermore, we perceive no abuse of sentencing discretion. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ. [*See*, *People v Perez*, 171 Misc 2d 75.]