■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN CHALWELL, Appellant. [707 NYS2d 629] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered November 25, 1998, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts), and unlawful imprisonment, and sentencing him to concurrent terms of 5 to 10 years, 5 to 10 years, 4 to 8 years, 4 to 8 years, and 1 to 3 years, respectively, unanimously affirmed.

Defendant's motion to suppress identification testimony as the fruit of an unlawful seizure was properly denied. The seizure of defendant, conceded by defendant to have been made on the basis of reasonable suspicion, was a brief investigative detention for the purpose of prompt identification by the complainants and was not a de facto arrest requiring probable cause. Defendant was detained for only 10 minutes pending the arrival of the complainants, was not transported anywhere, and was not interrogated (compare, Dunaway v New York, 442 US 200). In view of all the circumstances, including the report that defendant had committed two robberies, the police observation of defendant and two companions fleeing on foot on the Henry Hudson Parkway, and the successful flight of one of defendant's companions, the police acted reasonably and the seizure was not an arrest (see, People v Foster, 85 NY2d 1012; People v Allen, 73 NY2d 378; People v Chestnut, 51 NY2d 14, cert denied 449 US 1018; see also, United States v Perdue, 8 F3d 1455, 1462-1463). The police conduct constituted an investigatory stop (see, United States v Sharpe, 470 US 675, 683-687).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. In each of these two robberies of livery cab drivers, defendant's accessorial liability can be readily inferred from the entire course of conduct of de-

fendant and the other perpetrators, especially since "a reasonable jury could conclude that only trusted members of the operation would be permitted to [be present]" (*People v Bundy*, 90 NY2d 918, 920).

The court properly exercised its discretion in denying defendant's mistrial motion based on a summation comment by the People concerning defendant's silence upon his arrest. Defendant was not deprived of a fair trial by this comment, to which the court had sustained defendant's objection, and which was in any event responsive to an argument made in defendant's summation. Defendant's remaining contentions concerning the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.