■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON AYERS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COSME, Appellant. [715 NYS2d 634] —Judgments, Supreme Court, Bronx County (William Donnino, J.), rendered May 13, 1997 and May 8, 1997, respectively, convicting both defendants, after a jury trial, of four counts of murder in the second degree, and sentencing each of them to two concurrent terms of 25 years to life, to run consecutively to two concurrent terms of 25 years to life, unanimously affirmed.

The verdict as to each defendant was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's arguments in this regard are substantially similar to arguments rejected by this Court on the appeal of a codefendant (*see, People v Perez*, 272 AD2d 86, *lv denied* 95 NY2d 837). There is no basis upon which to disturb the jury's determinations concerning credibility, and the credible evidence clearly established each defendant's participation in the planning and execution of each of the two murders (*see, People v Chalwell*, 272 AD2d 217).

The portions of the People's summation challenged by defendant Ayers on appeal were proper responses to defense summations (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court properly exercised its discretion in denying defendant Cosme's CPL 330.30 (3) motion without a hearing since his motion papers failed to contain sworn allegations of fact (CPL 330.40 [2] [e] [ii]) and the purported newly discovered evidence merely tended to impeach or discredit trial testimony (*see, People v White*, 166 AD2d 910, *lv denied* 76 NY2d 992).

Defendant Cosme's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims we would reject these claims, most of which are similar to arguments raised unsuccessfully by codefendant Perez (*see, People v Perez, supra*).

We perceive no abuse of sentencing discretion. Concur—Sullivan, P. J., Nardelli, Rubin, Saxe and Friedman, JJ.