■ The People of the State of New York, Respondent, v Lawrence Lewis, Appellant. [718 NYS2d 179] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered May 28, 1998, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree, and sentencing him to a term of 25 years to life on the murder conviction, consecutive to concurrent terms of 12½ to 25 years on the attempted murder conviction, 7½ to 15 years on the attempted assault conviction, 3½ to 7 years on the assault conviction, 7½ to 15 years on the second-degree weapon conviction, 3½ to 7 years on the third-degree weapon conviction and 2⅓ to 7 years

on the reckless endangerment conviction, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction for criminal possession of a weapon in the third degree and dismissing that count of the indictment, and, on the law, by reducing the sentence for attempted assault in the first degree to 3½ to 7 years, and otherwise affirmed.

Defendant expressly waived his present challenge to the court's justification charge, and the colloquy between the prosecutor and the court on this subject did not constitute the type of ruling on a "protest by a party" contemplated by CPL 470.05 (2). Accordingly, this claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant was not prejudiced by any error in the justification charge.

As the People correctly concede, the sentence on the conviction for attempted assault in the first degree was unlawful. We perceive no basis for any other reduction of sentence.

Because both weapon convictions were based on the same possession of the same weapon, we vacate the conviction of third-degree possession in the interest of justice (*see*, *People v Voss*, 262 AD2d 105, 106, *lv denied* 93 NY2d 1029).

Defendant's remaining contentions, including those contained in his *pro se* supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.