■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE JENNINGS, Appellant. [722 NYS2d 141] —Judgment, Supreme Court, New York County (Ira Beal, J., at hearing; George Daniels, J., at jury trial and sentence), rendered November 10, 1998, convicting defendant of robbery in the second degree (2 counts), assault in the second degree (2 counts) and reckless endangerment in the first degree, and sentencing him to concurrent terms of 5 to 10 years on each robbery conviction and 3½ to 7 years on each of the remaining convictions, unanimously affirmed.

The court properly denied defendant's motion to suppress identification evidence. Defendant met a description that was sufficiently specific under the geographic and temporal circumstances presented herein. Therefore, the officer had reasonable suspicion to stop and detain defendant for investigative purposes, and was entitled to pat down and handcuff defendant as a safety precaution (*see, People v Allen*, 73 NY2d 378, 379-380). This detention was not elevated to an arrest when defendant was promptly taken to a nearby location for a showup identification by another officer, who had observed defendant during his efforts to escape (*see, People v Chalwell*, 272 AD2d 217, *lv denied* 95 NY2d 889).

The hospital showup served the purpose of procuring a trustworthy identification while the victims' memories were fresh (*see, People v Blanche*, 90 NY2d 821; *People v Guiterrez*, 270 AD2d 184) and was not conducted in an unduly suggestive manner. The victims viewed defendant separately, and without conferring.

A fair reading of the record establishes that defendant's claim that certain evidence should have been precluded for lack of CPL 710.30 notice was waived (*see*, CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903) and the issue involved was extensively litigated. In any event, any error in this regard would be harmless. Concur—Ellerin, J. P., Lerner, Saxe, Buckley and Friedman, JJ.