█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Appellant. [727 NYS2d 128] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 26, 1998, convicting him of attempted murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that his arrest was not based on probable cause, and therefore identification testimony obtained as a result of his arrest should be suppressed. We disagree. At the suppression hearing, the People presented evidence that the defendant's girlfriend provided information to the police implicating him in several commercial armed robberies in the 68th and 72nd Precincts which was sufficient to establish probable cause for his arrest. The girlfriend cooperated with detectives from both precincts in arranging a meeting with the defendant on a street in Brooklyn, where the police intended to apprehend him. In preparation, the police distributed the defendant's photograph and placed about 30 officers in the area surrounding the meeting site. However, when the defendant arrived at the scene, he eluded the attempt to stop his vehicle and led the police on a high speed chase.

An officer from the 68th Precinct on anti-crime patrol in the area at the time, received a radio transmission regarding the pursuit of a dark-colored Mercury vehicle driven by a male Hispanic, 5 feet 8 inches tall who was believed to be heavily armed. The officer subsequently observed a red Mercury pass by at a high rate of speed followed by two police cars. As he drove toward Fort Hamilton Parkway and 86th Street, he received another radio transmission that the suspect had abandoned his vehicle at 89th Street and Far Rockaway Parkway and was on foot.

About five minutes later, the officer was driving on 86th Street when he observed a man walk onto 86th Street from Far Rockaway Parkway. This section of 86th Street was a commercial area, it was about 2:00 A.M., and there was no one else

on the street. The officer drove his vehicle past the man before making a U-turn to face him. He observed that the man was Hispanic, about 5 feet 8 inches tall, and he appeared to have been running, as he was sweating and breathing fast. The officer and his partner, who had his gun drawn, stopped the defendant and handcuffed him. About two minutes later, numerous officers arrived on the scene, and a detective from the 72nd Precinct took the defendant into custody.

The defendant contends that the description provided to the anti-crime officer in the radio transmission was too vague to constitute probable cause for his arrest (*see, People v Jones,* 95 NY2d 721, 727-728), and there was no evidence that this officer was part of the team assigned to apprehend him. We agree with the Supreme Court that the description of the defendant, the time and place where he was found, the absence of anyone else on the street, and the fact that he appeared to have been running, at the very least, established reasonable suspicion to stop and detain him until other police units arrived (*see, People v Hicks,* 68 NY2d 234; *People v Jennings,* 281 AD2d 285; *People v Voss,* 262 AD2d 105; *People v Sharpe,* 259 AD2d 639). In view of the information that the suspect was armed, the officers were entitled to handcuff the defendant as a safety precaution (*see, People v Allen,* 73 NY2d 378; *People v Jennings, supra*; *People v Erazo,* 256 AD2d 16).

Once members of the apprehension team arrived on the scene, there was probable cause for the defendant's arrest, as his photograph had been circulated to them. Evidence was elicited that at least one member of the team was among the officers who proceeded to 86th Street and observed the defendant. The defendant also contends that probable cause was not established because the People failed to present evidence with respect to the detective from the 72nd Precinct who actually took him into custody at 86th Street and transported him to the precinct. Even assuming that this detective had no firsthand knowledge of the evidence implicating the defendant in the robberies, it can be inferred that he was acting at the direction of the team assigned to apprehend the defendant. Under the fellow-officer rule, the arrest was permissible since the police, as a whole, were in possession of information sufficient to constitute probable cause (*see, People v Mims,* 88 NY2d 99, 113-114).

The defendant's contention that the Supreme Court's denial of his request for the assignment of new counsel violated his constitutional rights is without merit. Although an indigent defendant has a right to a court-appointed attorney, he does

not have the right to his choice of assigned counsel (*see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178; *People v Rua,* 198 AD2d 311, 312). The decision to appoint new counsel is within the trial court's discretion upon a showing of good cause (*see, People v Sides,* 75 NY2d 822; *People v Medina,* 44 NY2d 199, 207). The basis for the defendant's request, which was made immediately prior to the suppression hearing, was belied by the record and, therefore, failed to establish good cause for a substitution of counsel (*see, People v Medina, supra; People v Rua, supra*).

The court did not err in imposing consecutive terms of imprisonment (*see, People v Butler,* 241 AD2d 912; *People v Turner,* 212 AD2d 818; *see also, People v Laureano,* 87 NY2d 640, 643). The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.