■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY MONTGOMERY, Appellant. [740 NYS2d 332] —Judgment, Supreme Court, Bronx County (Daniel FitzGerald, J.), rendered July 1, 1999, convicting defendant, after a jury trial, of assault in the first degree, criminal possession of a weapon in the second degree (2 counts), and criminal possession of a weapon in the third degree (2 counts), and sentencing him, as a second felony offender, to an aggregate term of 5 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the convictions for criminal possession of a weapon in the third degree, dismissing those counts of the indictment, and otherwise affirmed.

Defendant's motion to set aside the verdict on the ground of newly discovered evidence pursuant to CPL 330.30 (3) was properly denied. Under the circumstances, the court properly relied on evidence adduced at a hearing on the codefendant's motion, notwithstanding that defendant elected not to participate in that hearing. After a joint trial, defendant and his co-

defendant were convicted of acting together in shooting the victim, who was well acquainted with both men. Between the verdict and sentencing, the victim recanted his identification of the codefendant only, claiming to have made a mistaken identification as the result of poor eyesight. This led the codefendant to make a motion to set aside the verdict on the ground of newly discovered evidence, and defendant made a similar motion, alleging that the recantation, while limited to the victim's identification of the codefendant, undermined the victim's credibility for all purposes.

The court conducted a hearing on the codefendant's motion. Defendant, through counsel, declined to participate in this hearing, but with the understanding that defendant would receive any possible benefit in the event that the codefendant's motion was successful. After a thorough hearing, the court denied the codefendant's motion, and subsequently denied defendant's motion on the basis of the evidence adduced at the codefendant's hearing. The court's determination as to the codefendant was ultimately upheld on appeal (*People v Joseph*, 276 AD2d 306, 307, *lv denied* 96 NY2d 760), wherein this Court held, inter alia, that, "defendant [referring to codefendant Joseph] and the complainant were well known to each other and the case had nothing to do with mistaken identity. The record supports the court's finding that the complainant's recantation was unworthy of belief."

At the outset, we reject defendant's claim that the codefendant's hearing was a critical stage of the proceedings at which, absent an express personal waiver, defendant had the right to counsel and the right to be present. The hearing was conducted with the specific understanding that it was a hearing on the codefendant's motion alone, and therefore defendant's right to counsel and right to be present were not implicated (*People v Morris*, 187 AD2d 460, 461, *lv denied* 81 NY2d 890; *see also, People v Ramos*, 262 AD2d 587, *lv denied* 94 NY2d 828).

Defendant's claim that he was deprived of effective assistance of counsel by his trial counsel's decision not to participate in the hearing involves trial counsel's strategy and cannot be reviewed on this record (*see, People v Love*, 57 NY2d 998). To the extent that the existing record permits review, we find that defendant received meaningful representation on the CPL 330.30 (3) motion, as well as at trial (*see, People v Benevento*, 91 NY2d 708, 713-714). There is no reason to believe that counsel's participation in the hearing would have been beneficial (*see, People v Morris*, 187 AD2d 460, *supra* at 462).

We conclude that summary denial of defendant's motion was

a proper exercise of discretion (*see, People v Serrata*, 261 AD2d 490, *lv denied* 93 NY2d 1045), given the evidence adduced at the codefendant's hearing. As noted, this Court has affirmed the court's denial of the codefendant's motion and there is no reason to reach a different result herein. The victim's recantation of his trial identification of the codefendant was entirely incredible and therefore was not a proper basis upon which to set aside the jury's verdict. We reject defendant's argument that a recantation, in and of itself, reflects so negatively on the victim's credibility that the verdict must be set aside on the ground of newly discovered evidence.

Defendant's contentions regarding uncharged crime evidence do not warrant reversal. Evidence concerning defendant's acrimonious relationship with the victim arising out of their unlawful business was essential to the jury's understanding of defendant's motive to shoot the victim, and defendant's suggestion that the relationship be characterized as a simple business dispute, without revealing the nature of the business, would have unduly limited the probative value of the evidence (*see, People v Vails*, 43 NY2d 364). Furthermore, the court properly exercised its discretion in denying defendant's mistrial motion made when, in response to defense counsel's questions which were responsible for eliciting the challenged answers, the victim blurted out additional uncharged crime evidence. Moreover, although a curative instruction would have sufficed to minimize any feared effect of the complainant's answer, defendant refused the court's offer to give the jury such an instruction (*see, People v Young*, 48 NY2d 995).

Since defendant's third-degree weapon possession convictions are based on the same possession of the identical weapons underlying his second-degree weapon possession convictions, we vacate the third-degree possession convictions in the interest of justice (*People v Lewis*, 278 AD2d 165, 166, *lv denied* 96 NY2d 761).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.