■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BEAKER, Appellant. [777 NYS2d 475]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), rendered June 20, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance near school grounds (two counts), and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Since defendant's arguments at the suppression hearing were completely different from those raised on appeal, his current arguments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the police had reasonable suspicion upon which to stop defendant, since he matched a sufficiently detailed description provided by the undercover officer, was observed fleeing the sale location minutes after the sale, and was stopped a few blocks from the location (see People v Rampersant, 272 AD2d 202 [2000], lv denied 95 NY2d 870 [2000]). Upon stopping defendant, the police were entitled to detain him briefly for investigative purposes (see People v Hicks, 68 NY2d 234 [1986]), and were justified in handcuffing defendant, particularly since he had previously attempted to flee (see People v Jennings, 281 AD2d 285 [2001], lv denied 96 NY2d 903 [2001]). The undercover officer's confirmatory identification provided probable cause for defendant's arrest.

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.