■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COOPER, Appellant. [791 NYS2d 55]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered May 1, 2003, convicting defendant, after a jury trial, of criminal sale of marijuana in the first degree, and sentencing him, as a second felony offender, to a term of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

Since the undercover officer's ability to identify defendant was at issue, the court properly exercised its discretion in permitting the officer to testify about his unspecified "conversation" with defendant on a prior occasion. Defendant failed to preserve his present argument that the court should have declared a mistrial when the officer revealed, on cross-examination, that the prior incident was a drug transaction, and the record does not support defendant's assertion that such a protest would have been futile (*compare People v Mezon*, 80 NY2d 155, 161 [1992]). We decline to review this claim in the interest of justice. Were we to review this claim, we would reject it. In the first place, we note that the challenged testimony was the product of defense counsel's persistent cross-examination (*see People v Montgomery*, 293 AD2d 369, 371 [2002], *lv denied* 98 NY2d 712 [2002]). Furthermore, we find that the challenged

testimony was not unduly prejudicial and that it did not deprive defendant of a fair trial. Concur—Buckley, P.J., Andrias, Friedman, Gonzalez and Sweeny, JJ.