THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WURTHMANN, Appellant. [808 NYS2d 521]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 5, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that his first statement to the police should have been suppressed (*see People v Beaker*, 7 AD3d 468 [2004], *lv denied* 3 NY3d 670 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that County Court erred in refusing to suppress his second statement to the police. "Although

we agree with defendant that the court erred in determining that he was not in custody when he gave his second statement, we conclude that the evidence at the *Huntley* hearing supports the court's determination that defendant was advised of his *Miranda* rights, that he waived those rights and that his statement was voluntary" (*People v Cunningham*, 13 AD3d 1118, 1119 [2004], *lv denied* 4 NY3d 829 [2005], citing *People v Scott*, 288 AD2d 846, 847 [2001], *lv denied* 97 NY2d 761 [2002]). Contrary to defendant's contention, neither the interrogating officer's false statement to defendant that his fiancée was upset by his polygraph results nor the officer's promise to take defendant to see his fiancée after he told the officer what happened was "so fundamentally unfair as to deny due process" or likely to induce a false confession (*People v Tarsia*, 50 NY2d 1, 11 [1980]; *see People v Lee*, 277 AD2d 1006, 1007 [2000], *lv denied* 96 NY2d 785 [2001]).

Defendant failed to preserve for our review his contention that his conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject the contention of defendant that he was deprived of a fair trial and other constitutional rights as the result of cumulative errors occurring before and during the trial (*see People v Butler*, 2 AD3d 1457, 1459 [2003], *lv denied* 3 NY3d 637 [2004]; *cf. People v LaDolce*, 196 AD2d 49, 53 [1994]). We have examined the contentions in defendant's pro se supplemental brief and conclude that none requires reversal.

The judgment must be modified, however, because the certificate of conviction erroneously states that defendant was "sentenced as a second, persistent violent felony offender," a sentencing category that does not exist, and the amended certificate of conviction states that defendant was sentenced as a "second violent felony offender," an illegal sentencing category for a conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1) (*see* § 70.02 [1] [c]). We therefore modify the judgment accordingly, and we remit the matter to County Court for resentencing (*see People v Hall*, 5 AD3d 1011 [2004]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.