■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BROWN, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.) rendered November 13, 1989, by which defendant was convicted, after a jury trial, of robbery in the third degree and two counts of grand larceny in the fourth degree, and sentenced to concurrent terms of 3½ to 7 years and 2 to 4 years on the robbery and one of the larceny counts, to run consecutively to a term of 2 to 4 years on the second larceny count, unanimously affirmed.

Jason Michael Rodriguez (the "complainant") was mistakenly arrested on March 30, 1989 on a Texas bench warrant.

The case was dismissed shortly after Rodriguez was arraigned, and the record was sealed. While Rodriguez was in custody, the defendant snatched a gold chain from Rodriguez's neck and then threatened him. Rodriguez testified that the defendant also threatened another prisoner, Raphael Ortega, and took his watch.

The court properly ruled that the prosecutor could question the defendant as to a 1986 conviction for a "theft related offense", and could question defendant, without restriction, as to a 1985 Yonkers City Court conviction for unlawful imprisonment in the second degree, and a May 1989 conviction for assault in the third degree. The fact that the defendant committed crimes like the one he was being tried for does not give him the right to have inquiry precluded. *(Compare, People v Aiken,* 162 AD2d 106.)

Defense counsel did not move to obtain the photographs which were part of the sealed record of Rodriguez's arrest. In the absence of a motion by defense counsel below for some relief for a perceived *Brady* violation, the matter was not properly preserved for appellate review. *(People v Brunson,* 166 AD2d 204, 205.) In any event, it is clear that since the record was sealed, the photographs were not in the possession of the People prior to the trial, thus the People had no way of knowing if the pictures were exculpatory or not *(People v Rodriguez,* 155 AD2d 257, 259, *lv denied* 75 NY2d 923). Accordingly, the exculpatory potential of the photographs was speculative. No *Brady* violation occurred *(see, People v Fappiano,* 139 AD2d 524, *lv denied* 72 NY2d 918).

Defendant's argument that the court should have reviewed the arrest photographs of the complainant *in camera,* to determine if they were exculpatory has been considered and found to be meritless under the circumstances.

The unpreserved contention that the testimony of Court Officer Manzello impermissibly bolstered the complainant's testimony has not been preserved for appellate review. In any event, Officer Manzello's testimony at most inferentially bolstered the strong identification testimony of the complainant, and thus does not warrant reversal. *(People v Johnson,* 57 NY2d 969.)

Defendant's remaining arguments have been considered and found to be without merit. Concur—Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CROSS, Appellant.—Judgment, Supreme Court, New