■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS JOSEPH, Appellant. [714 NYS2d 25] —Judgment, Supreme Court, Bronx County (Daniel FitzGerald, J.), rendered July 1, 1999, convicting defendant, after a jury trial, of assault in the first degree, criminal possession of a weapon in the second degree (2 counts), criminal possession of a weapon in the third degree (2 counts), assault in the second degree (2 counts) and resisting arrest, and sentencing him, as a second felony offender, to three terms of 5 years for the first-degree assault and second-degree weapon possession convictions and two terms of 3 years for the third-degree weapon possession convictions, to run concurrently with each other and consecutively to concurrent terms of 3 years for each second-degree assault conviction and 1 year for the resisting arrest conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility.

Defendant's ineffective assistance of counsel claim turns on matters of trial strategy of a type that would require a CPL 440.10 motion in order to expand the record. On the existing record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

After a thorough hearing, the court properly denied defendant's CPL 330.30 motion, which involved the recantation of the complaining witness's identification testimony. Details concerning the witness's eyesight deficiency did not constitute

newly discovered evidence, since his nearsightedness was known at the time of trial, and further exploration of this matter would not have affected the verdict. We note that defendant and the complainant were well known to each other and the case had nothing to do with mistaken identity. The record supports the court's finding that the complainant's recantation was unworthy of belief (*see, People v Shilitano*, 218 NY 161, 170).

We perceive no abuse of sentencing discretion. Concur— Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Wallach, JJ.