■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VELEZ, Appellant. [777 NYS2d 642]—Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered January 9, 2003, convicting defendant, after a jury trial, of attempted robbery in the third degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 2 to 4 four years and 1 year, respectively, unanimously affirmed.

Judgment, Supreme Court, Bronx County (Daniel P. FitzGerald, J.), rendered February 25, 2003, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

On defendant's direct appeal (276 AD2d 306 [2000], *lv denied* 96 NY2d 760 [2001]), this Court concluded that the trial record established that defendant received effective assistance of counsel, and that defendant's arguments to the contrary would require him to employ a CPL 440.10 motion to develop additional facts. The instant motion, which added little to the trial record, did not develop the additional facts necessary to establish ineffective assistance (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]). The motion did not provide any information

concerning trial counsel's strategic decisions, or explain the absence of such information (*see People v Stewart*, 295 AD2d 249 [2002], *lv denied* 99 NY2d 540 [2002], *cert denied* 538 US 1003 [2003]). Defendant's moving papers, taken together with the trial record, do not establish that counsel should have pursued additional lines of defense. Furthermore, there is no indication that an objection to the consolidation of the indictments against defendant and his codefendant, or a motion to sever certain counts, would have had any hope of success. As for defendant's claim that counsel's trial preparation was inadequate, that claim rests entirely on surmise, except for an affidavit from a defense witness that fails to establish that counsel's preparation was constitutionally deficient.

The court properly rejected the branch of defendant's motion alleging violations of *Brady v Maryland* (373 US 83 [1963]). The People had no duty to disclose an arrest record, claimed by defendant to be relevant to this case, that was sealed and unavailable to the People, and that contained nothing exculpatory toward defendant in any event (*see People v Brown,* 174 AD2d 312 [1991], *lv denied* 78 NY2d 1009 [1991]). The expanded record on the instant appeal refutes the other aspect of defendant's *Brady* claim.

After an evidentiary hearing, the court properly rejected the newly discovered evidence branch of the motion. The record supports the court's finding that the codefendant's attempt to exculpate defendant was unworthy of belief (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.