(October 18, 2005)

■ In the Matter of ELIAS JOSEPH, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [802 NYS2d 424]—

Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered July 12, 2004, which denied the petition seeking access to certain records pursuant to a Freedom of Information Law request and granted respondent's cross motion to dismiss the petition, unanimously reversed, on the law and the facts, without costs or disbursements, the cross motion denied and the petition granted to the extent of remanding the matter to respondent for consideration of petitioner's adminis-

trative appeal of respondent's Records Access Appeals Officer's determinations denying such access, dated May 16, 2003 and May 19, 2003.

By letter to respondent's "Freedom of Information Officer" dated October 28, 2002, petitioner requested copies of "all police documents regarding the shooting of Robert Campbell on January 14, 1996 and the assault of Police Officers Michael Carinha and James Aposto on June 7, 1996.* Also send me any information regarding injuries sustained by these officers on June 7 and 8 of 1996." Respondent acknowledged petitioner's request by letter dated November 20, 2002 and asked for additional information to assist in locating the documents. Petitioner provided additional information within the week, but received no response.

Thereafter, by letter dated April 28, 2003, petitioner "appeal[ed]" from the failure to respond further to his document request. On May 16, 2003, respondent provided petitioner with certain documents responsive to his request—the arrest report, complaint report and an OLBS arrest data elements pertaining to the June 7, 1996 assault incident—and noted that "police documents for 1/14/96" could not be found. A subsequent letter, dated May 19, 2003, denied petitioner access to the documents he requested on the ground that they consist of "personnel records" of a police officer and are therefore exempt from disclosure. Both the May 16 and May 19 letters advised petitioner of his right to appeal the determination.

Subsequently, by letter dated May 30, 2003, petitioner appealed, advising respondent's Records Access Appeals Officer that he had requested all police records pertinent to his arrest on June 7, 1996 and the January 14, 1996 complaint on which the arrest was based, and providing additional information that he hoped would help find the records "pertinent to the assault of Robert Campbell." In a letter dated September 9, 2003 responding to petitioner's first attempt to appeal—the April 28 letter—respondent denied the appeal as moot in light of the May 2003 determination and advised petitioner that he could seek review of this determination by commencing a CPLR article 78 proceeding. This proceeding was commenced on or about September 23, 2003. Respondent cross-moved to dismiss the petition, asserting that since petitioner did not take an administrative appeal from respondent's May 16, 2003 and May 19, 2003 determinations, he had failed to exhaust his administrative

---

* Prior to this document request, petitioner had been convicted of various felonies in connection with these two incidents (*People v Joseph*, 276 AD2d 306 [2000], *lv denied* 96 NY2d 760 [2001]).

remedies and was therefore not entitled to article 78 relief. Petitioner responded that he did appeal and submitted a letter to respondent dated May 30, 2003, along with a signed certified mail receipt indicating that the letter had been received. The letter referred both to the incident which took place on January 14, 1996 and the arrest on June 7.

Supreme Court dismissed the petition, stating that since respondent denied receiving petitioner's May 30 letter appealing the denial of records, and since petitioner had furnished no proof that the letter had been mailed to or received by respondent, "there is no basis for determining whether petitioner complied with the applicable appeals procedure available to him."

Since petitioner has demonstrated that he took a timely administrative appeal, the matter should be remanded to respondent to consider his request. Respondent concedes that a remand for consideration of the May 16, 2003 determination—relating to documents pertaining to the January 14 incident—is required, but asserts that, with respect to the May 19, 2003 determination—denying access to documents on the ground that they constitute "personnel records" of a police officer—petitioner has failed to exhaust his administrative remedies. While petitioner's May 30, 2003 letter focused on the documents relating to the January 14 incident and not on those relating to his arrest, the letter did refer to both document requests. Even more significant, the May 19 determination, from which petitioner undisputedly appealed, referred in general terms to petitioner's letter requesting documents relating to both the arrest and the underlying incident. It did not differentiate between the two document requests in stating that the records are "personnel records" exempt from disclosure, but rather stated that "[i]n regard to the document(s) which you requested, . . . access to these records is denied." Concur—Andrias, J.P., Saxe, Sullivan, Ellerin and Williams, JJ.