■ The People of the State of New York, Respondent, v Fu Chen, Appellant. [742 NYS2d 199] —Judgment, Supreme

Court, New York County (Ira Beal, J.), rendered March 29, 2001, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of six years, and order, same court and Justice, entered on or about April 6, 2001, which summarily denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

Summary denial of defendant's motion to vacate judgment alleging ineffectiveness of counsel was proper since defendant's moving papers failed to reveal an issue to be resolved by a hearing (*People v Satterfield*, 66 NY2d 796; *People v Ford*, 46 NY2d 1021, 1023). Defendant's papers were deficient in that they lacked an affirmation from trial counsel explaining her strategic decisions, on any explanation for the absence of such an affirmation. Defendant conceded that trial counsel spoke to the witnesses he now claims would have provided exculpatory information. Counsel's determination not to call these witnesses, after interviewing them, was a strategic legal decision, and there is no basis for a finding that this decision constituted ineffective assistance (*People v Smith*, 82 NY2d 731, 733). Notably, one witness denied any knowledge of the incident when he spoke to trial counsel. In any event, defendant has failed to demonstrate that counsel's failure to call these witnesses prejudiced him at trial, particularly since none of these witnesses claimed to have witnessed the assault.

Defendant's claim that trial counsel was ineffective for failing to adequately cross-examine the complainant and another prosecution witness is unsupported by the record or the submissions on the CPL 440.10 motion. The record establishes that defendant received meaningful representation and his mere disagreement with the scope of cross-examination is insufficient to establish that counsel was ineffective (*People v Benevento*, 91 NY2d 708). "It would have been foolhardy for trial counsel to pursue the lines of cross-examination now suggested by defendant on appeal" (*People v Jeffrey*, 216 AD2d 133, 134, *lv denied* 87 NY2d 903). Trial counsel's decision to forego cross-examination of the victim's stepsister, who did not witness the attack, but later came to his aid, "is * * * traceable to the particular facts of this case" (*see, People v Aiken*, 45 NY2d 394, 400), and did not constitute ineffectiveness.

Defendant's evidentiary contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

We perceive no basis for a reduction of sentence. Concur— Tom, J.P., Andrias, Buckley, Wallach and Lerner, JJ.