■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFATAH STEWART, Appellant. [745 NYS2d 151] —Judgment, Supreme Court, New York County (Brenda Soloff, J., at request for grand jury adjournment; Carol Berkman, J., on dismissal motion; James Yates, J., at jury trial and sentence), rendered April 12, 2000, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, and order, same court (James Yates, J.), entered on or about October 5, 2001, which summarily denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

Defendant was afforded a meaningful opportunity to consult with counsel and to prepare to testify and offer exculpatory evidence before the grand jury (*see, People v Sawyer*, 96 NY2d 815). After having one day to consult with newly assigned counsel, defendant was offered, but declined, two additional days within which to testify and present his alibi witness. The only explanation offered by defendant in his request for further delay, which would have required extension of the grand jury's term, was that there were other "documents" which "perhaps" would "reinforce" the alibi defense. Notably, defendant never alleged that he did not have sufficient time to prepare his testimony or that of his alibi witness. Moreover, there was a total of a full week between defendant's criminal court arraignment and the date offered by the People for his grand jury appearance. During that time, defendant was continuously represented by counsel, albeit by several different attorneys.

The trial court properly denied defendant permission to impeach his own witness, since none of the requirements of CPL 60.35 for such impeachment were met. Defendant's claim that the impeachment should nevertheless have been permitted as a matter of constitutional law is unpreserved (*see, People v Angelo*, 88 NY2d 217, 222; *People v Gonzalez*, 54 NY2d 729), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the information that defendant sought to elicit by impeaching his own witness was not critical to his defense, particularly since he elicited similar information from other witnesses (*compare, Chambers v Mississippi*, 410 US 284).

Summary denial of defendant's CPL 440.10 motion was proper since his moving papers failed to reveal an issue to be resolved by a hearing. While defendant's motion raised ineffective assistance issues requiring expansion of the trial record,

defendant's papers were deficient in that they lacked an affirmation from trial counsel explaining his strategic decisions, or any explanation for the absence of such an affirmation (*see, People v Fu Chen*, 293 AD2d 362). Viewed objectively, the record reveals the existence of trial decisions that might have well been made by a reasonably competent attorney (*see, People v Satterfield*, 66 NY2d 796). There is no dispute that trial counsel interviewed the witnesses whom defendant asserts should have been called. Counsel's determination not to call these witnesses was a strategic decision and there is no basis for a finding that this decision constituted ineffective assistance of counsel (*see, People v Smith*, 82 NY2d 731). Similarly, defendant failed to demonstrate the absence of legitimate explanations for counsel's waiver of defendant's right to testify before the grand jury, which followed denial of his request for an adjournment. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.