People v Jordan (2022 NY Slip Op 00432)





People v Jordan


2022 NY Slip Op 00432


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-06976
 (Ind. No. 1960/17)

[*1]The People of the State of New York, respondent,
v
Donna Jordan, appellant.


Patricia Pazner, New York, NY (Brandon Kronstat of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered June 5, 2019, convicting her of robbery in the second degree and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of robbery in the second degree and petit larceny in connection with an incident that occurred at a party supply store in April 2017.
The defendant's contention that the People did not present legally sufficient evidence with respect to her identity as the perpetrator of these crimes is unpreserved for appellate review, as the defendant failed to move for a trial order of dismissal on the basis of that specific claim (see People v Hawkins, 11 NY3d 484, 492; People v Williams, 171 AD3d 1223, 1224). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The defendant's contention that certain of the Supreme Court's evidentiary rulings violated her right to present a defense is without merit. Contrary to the defendant's assertion, the People did not open the door to the admission of hearsay evidence consisting of a video recording of a prior statement made by the defendant to the police (see People v Watts, 176 AD3d 981, 984; People v Carrenard, 56 AD3d 486, 488). The court's ruling precluding the admission of the video recording did not violate the defendant's right to present a defense since the defendant was allowed to testify at trial regarding the contents of her statement to the police (see People v Bittrolff, 165 AD3d 690, 692; People v Carrenard, 56 AD3d at 488). Moreover, the admission of the video recording of the statement would have only served to impermissibly bolster the defendant's trial testimony (see People v Bittrolff, 165 AD3d at 692; People v Borukhova, 89 AD3d 194, 222).
In addition, the Supreme Court properly precluded evidence of alleged third-party culpability. The evidence did not sufficiently connect the third party to the crimes to overcome the risk of prejudice, or the risk that the evidence would mislead the jury (see People v Primo, 96 NY2d 351, 357; People v Degree, 186 AD3d 501, 502; People v Humphrey, 176 AD3d 1101, 1103).
Contrary to the defendant's contention, many of the prosecutor's summation remarks that are challenged by the defense were proper, as they were within the broad bounds of permissible rhetorical comment or fair comment on the evidence (see People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d 105, 109-110). To the extent that some of the prosecutor's remarks were improper, those remarks were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Rhodes, 115 AD3d 681, 683; People v Ward, 106 AD3d 842, 843).
The defendant's contention that the People violated their disclosure obligations is based on matter dehors the record and thus is not reviewable on direct appeal (see People v Williams, 176 AD3d 1122, 1123; People v Dixon, 165 AD2d 832, 833).
The defendant's right to confrontation (see US Const Sixth Amend) was not violated by the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York. The criminalist performed his own analysis of the DNA profiles and concluded that it was approximately 25.7 quadrillion times more likely that DNA recovered from an object located at the scene of the crime belonged to the defendant, rather than an unknown person, and this testimony was subject to challenge on cross-examination (see People v Lebron, 171 AD3d 1092, 1093; People v Washington, 108 AD3d 576, 577).
The defendant's remaining contention is without merit.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court