People v Echevarria-Acevedo (2022 NY Slip Op 50787(U))

[*1]

People v Echevarria-Acevedo (Heriberto)

2022 NY Slip Op 50787(U) [76 Misc 3d 128(A)]

Decided on August 11, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 11, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-348 S CR

The People of the State of New York,
Respondent,
against
Heriberto Echevarria-Acevedo, Jr., Appellant.

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for appellant.
Suffolk County District Attorney (Edward A. Bannan and Christopher Turk of counsel), for
respondent.

Appeals from (1) judgments of the District Court of Suffolk County, First District (Karen
Kerr, J.), rendered January 22, 2019 and, (2) by permission, from an order of that court dated
April 6, 2021. The judgments convicted defendant, upon jury verdicts, of driving while ability
impaired by drugs and driving without a headlight illuminated, respectively, and imposed
sentences. The order denied defendant's CPL 440.10 motion to vacate the judgments of
conviction.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of
disposition, and it is further, 
ORDERED that the judgments of conviction and the order are affirmed.
Insofar as relevant to this appeal, defendant was charged in separate accusatory instruments
with, among other things, driving while ability impaired by drugs (Vehicle and Traffic Law
§ 1192 [4]) and driving without a headlight illuminated (Vehicle and Traffic Law §
375 [2] [a] [I]).
Defendant's motion to suppress all evidence was denied following a hearing at which only
the arresting officer, Police Officer Ferry, testified. 
During voir dire, prospective juror number four stated that a police officer's testimony is held
to a higher standard. When the court asked that prospective juror if he would "agree that because
someone is in law enforcement [this] doesn't make them any more or less credible than anyone
else, it is just the job they do?" his response was "No." By a show of hands, several other
prospective jurors agreed with that statement. Defense counsel did not challenge for cause any of
these prospective jurors, and he did not exhaust his peremptory challenges prior to the
completion of jury selection.
At the trial, Police Officer Ferry testified, as he had at the suppression hearing, that he and
his partner observed a vehicle approaching their vehicle with one headlight not illuminated. Ferry
initiated a traffic stop and, after approaching the vehicle, saw defendant slouched over behind the
wheel, with his eyes almost completely shut. Ferry heard defendant mumbling. Upon exiting the
vehicle, defendant stumbled and then leaned on the vehicle to regain his balance. Defendant
denied drinking alcohol but admitted to the officer that he had ingested Oxycodone earlier in the
day. A prescription bottle of this drug was found by the officer in defendant's pocket. Ferry
further testified that he was trained at the academy with regard to the offense of driving while
ability impaired by drugs and alcohol, and he had received training in the administration of field
sobriety tests, including the horizontal gaze nystagmus test. His training included instruction that
nystagmus is present when an individual is impaired by a drug listed under Public Health Law
§ 3306. After defendant performed poorly on all three of the field sobriety tests, Ferry
concluded that defendant was impaired by drugs and arrested defendant. Defendant's sole witness
was defendant's father, who testified that, about an hour after his son's arrest, he observed that
both headlights were functioning on defendant's vehicle. 
Following the trial, the jury found defendant guilty of driving while ability impaired by drugs
and driving without a headlight illuminated, and sentences were imposed. Subsequently,
defendant moved, pursuant to CPL 440.10, to set aside the judgments of conviction on the
ground that he was denied the effective assistance of counsel, as his counsel failed to call
defendant's father at the suppression hearing, who would have testified, similar to his trial
testimony, that he had observed that both headlights were operating on defendant's vehicle an
hour after defendant was arrested. Moreover, defense counsel failed to move to reopen the
suppression hearing based upon defendant's father trial testimony. The District Court, without a
hearing, denied the motion. Defendant appeals from the judgments of conviction and from the
order.
Defendant failed to preserve his challenge on appeal that the trial evidence was legally
insufficient to establish his guilt of driving while ability impaired by drugs, as defendant did not
move to dismiss that charge at the close of all of the evidence on the specific ground raised on
appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492-493 [2008];
People v Jordan, 201 AD3d 946
[2022]). Similarly, defendant's challenge to the legal sufficiency of the evidence [*2]supporting his conviction of driving without a headlight illuminated
is unpreserved for appellate review as he failed to renew his motion for a trial order of dismissal
made at the close of the People's rebuttal case (see People v Kolupa, 13 NY3d 786, 787
[2009]; People v Acevedo, 136
AD3d 1386 [2016]). In any event, the evidence, viewed in the light most favorable to the
People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable
inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was
legally sufficient to establish defendant's guilt of both charges, beyond a reasonable doubt.
Moreover, upon the exercise of this court's factual review power (see CPL 470.15 [5];
People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to
the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor,
and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts convicting defendant of
driving while ability impaired by drugs and driving without a headlight illuminated were not
against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646
[2006]).
Defendant's contention that his right to a trial by an impartial jury was violated is
unpreserved for appellate review, as defendant failed to challenge the prospective jurors for cause
in the trial court (see People v
Simmons, 119 AD3d 1343 [2014]; People v Scott,197 AD2d 644, 645 [1993]).
In any event, an erroneous denial of a challenge for cause by a defendant "does not constitute
reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he
has not, he peremptorily challenges such prospective juror and his peremptory challenges are
exhausted before the selection of the jury is complete" (CPL 270.20 [2]; see People v
Lynch, 95 NY2d 243, 248 [2000]; People v Tieman, 132 AD3d 703 [2015]; People v Williams, 97 AD3d 769,
770 [2012]). Here, defendant did not use peremptory challenges on the prospective jurors, and
did not exhaust his peremptory challenges.
Contrary to defendant's contention, the District Court properly denied his CPL 440.10
motion to vacate the judgments of conviction on the ground that his trial counsel was ineffective
(see People v Smith, 82 NY2d 731 [1993]). Defense counsel's strategy not to call
defendant's father at the suppression hearing does not amount to ineffective assistance of counsel,
as the father's testimony was irrelevant or, at best, would have been weak, since he was not
present at the time of the stop and he does not claim to have observed the headlights immediately
prior to the stop (see People v Baldi,54 NY2d 137, 146-147 [1981]; People v Fu
Chen, 293 AD2d 362 [2002]). Similarly, defense counsel was not ineffective for failing to
move to reopen the suppression hearing based upon defendant's father's testimony at trial, as such
a motion would have had little or no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]). Under the totality of
the circumstances presented, we cannot say that defendant was denied the effective assistance of
counsel under either the federal or state constitution (see Strickland v Washington, 466
US 668 [1984]; People v Baldi, 54 NY2d 137 [1987]).
Defendant's remaining contention, that the People failed to lay a proper foundation with
respect to the officer's qualifications to administer field sobriety tests, lacks merit.
Accordingly, the judgments of conviction and the order denying defendant's CPL 440.10
motion are affirmed.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 11, 2022