People v Forney (2024 NY Slip Op 50206(U))

[*1]

People v Forney

2024 NY Slip Op 50206(U)

Decided on February 22, 2024

County Court, Schuyler County

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 22, 2024
County Court, Schuyler County

People of the State of New York,

against
Jeffrey A. Forney, Defendant.

Indictment No. 2016-2

District Attorney Joseph G. Fazzary 
Charles E. Anderson, Esq.
Jeffrey Forney, Defendant

Scott A. Miller, J.

This Court's Initial CPL Article 440 Decision and Order dated November 3, 2023, (hereinafter, "initial decision") is incorporated herein by reference with the same force and effect as though fully set forth. People v. Forney, 80 Misc 3d 1238 (Schuyler Co. Ct. 2023).
The Court has reviewed Defendant's "Request for Reconsideration (Amended)," dated December 11, 2023, and the People's "Affirmation in Opposition," dated February 15, 2024. Although the Court had requested that Defendant file supplemental papers by December 15, 2023, and that the People respond by January 15, 2024, the Court granted the People an extension to February 15, 2024, as defense counsel failed to serve the People with his December [*2]11, 2023 supplemental filing, and the People only received Defendant's filing on January 10, 2024, after the Court directed the County Court Clerk to serve the People with Defendant's supplemental filing via email.
Although this Court, in its initial decision, expressly limited Defendant's filing to the non-record issue raised under point VIII of Defendant's 440 motion, Defendant nevertheless apparently seeks "reconsideration" of various grounds this Court has already decided in its initial decision. Under New York law, the CPLR does not expressly allow for "reconsideration" motions. The Court assumes defense counsel is attempting to make either a motion to "reargue" or "renew" pursuant to CPLR § 2221(d) and (e), "Motion Affecting Prior Order." CPLR § 2221(d) and (e) provide:
(d) A motion for leave to reargue:
1. shall be identified specifically as such;
2. 
shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and
3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. This rule shall not apply to motions to reargue a decision made by the appellate division or the court of appeals.
(e) A motion for leave to renew:
1. shall be identified specifically as such;
2. 
shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
3. 
 shall contain reasonable justification for the failure to present such facts on the prior motion.
Defendant has failed to articulate that this Court overlooked or misapprehended matters of fact or law in its initial decision, nor has the Defendant offered any new facts or asserted that there been a change in the law which would warrant reconsideration of the Court's initial decision. The Defendant has provided no basis for this Court to "reconsider" its initial decision. Additionally, and as this Court previously articulated, the Defendant cannot make a claim of ineffective assistance of appellate counsel through a CPL Article 440 motion to the trial court. A defendant's procedural mechanism through which to raise a claim of ineffectiveness of appellate counsel is a writ of coram nobis to the Appellate Division. People v. Bachert, 69 NY2d 593 (1987); People v. Stultz, 2 NY3d 277 (2004); CPL § 450.90.
This Court, in its initial decision on November 3, 2023, explained:
Defendant's motion counsel, in his papers, failed to 1) provide any affidavit from trial counsel (who is still alive and lives locally) and 2) wholly failed to articulate and engage in the proper legal analysis which requires a defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings. People v. Stewart, 295 AD2d 249, 250 (1st Dept. 2002) (summary denial was appropriate where "defendant's papers were deficient in that they lacked an affirmation from trial counsel explaining his strategic decisions, or any explanation for the absence of such an [*3]affirmation"); People v. Robert, 214 AD3d 1085, 1087 (3rd Dept. 2023), leave to appeal denied, 39 NY3d 1156 (2023) (Defendant's failure to provide any affirmation/affidavit from trial counsel [regarding counsel's performance], or an explanation for the failure to do so, would, by itself, warrant summary denial of the 440 motion).
***
Consequently, defendant is permitted to supplement this 440 motion in regard to trial counsel's alleged ineffectiveness for failure to impeach the victim with her prior text messages. Defense counsel shall file any relevant affidavit(s) and supplemental brief no later than December 15, 2023. Forney CPL 440 Initial Decision at 12 (emphasis added).
Defendant's December 11, 2023 filing was Defendant's opportunity to address the claimed ineffectiveness of trial counsel's failure to cross-examine the victim with various text messages (Exhibit L). Defendant has still failed to provide any affidavit from trial counsel. Motion counsel, in his December 11th filing, argues that that "asking trial counsel to give an affidavit showing why he was ineffective would be an exercise in futility" and "it is unrealistic to expect the attorney defendant now claims to be ineffective to give a supporting affidavit helpful to defendant's claim." (Attorney Charles Anderson's December 11, 2023 affirmation at 5). However, the People include with their February 15, 2024 opposition papers an affirmation from Defendant's trial counsel. (Exhibit A, affirmation of Terrance Baxter, Esq., affirmed, January 29, 2024). In his January 29, 2024 affirmation, Attorney Baxter makes the following essential points:
1) During both the jury trial and bench retrial, "it was the theory of both my client and Aaron Bowen, that they had engaged in various sexual activities with the alleged victim, but only upon her giving consent. It was argued that if she was intoxicated, it was not to the extent that made her physically helpless." (Baxter at par.2).
2) The "MeetMe" social media text messages (Exhibit L, Defendant's 440 motion), were not available to Attorney Baxter at the time he cross-examined the victim, nor does he recall ever having received these messages from either his client or his client's mother, Tina Forney. (Baxter at par. 4).
3) Had Baxter had the MeetMe messages in his possession, it would not have changed the defense trial strategy. "There was never a question of whether [Defendant Forney] had engaged in sex with the alleged victim. There was testimony from [Defendant's] girlfriend and father that he admitted to doing such. The only question was the victim's level of intoxication, which was thoroughly vetted on cross-examination of the victim and the People's expert witness. The defense also called an expert to counter the assertions made by the People's expert." (Baxter at par. 5).
4) The "MeetMe" message "indicated [the victim's] high level of intoxication- 'mad drunk'- that we were trying to disprove at trial. It would have made no sense to bring these messages into evidence during trial." (Baxter at par. 6).
5) The "text messages where the victim alleges that "you and your brother wernt (sic) involved," were counterintuitive to our theme that the victim consented to sex." (Baxter at par. 7).
6) Even had Baxter been in possession of the MeetMe (Exhibit L) text messages, he would have made the strategic decision not to use them on cross-examination as such [*4]were inconsistent with the defense trial strategy that the Defendant did in fact engage in sexual activity with the victim, but such conduct was consensual. As Baxter notes, "[u]nder no circumstance, as the facts came into evidence, would I have wanted to change our trial theory to my client didn't do it at all. There was clear evidence to the contrary." (Baxter at par. 9).
7) Baxter also affirms that 440 motion counsel, during their several discussions, "never once asked me about these [MeetMe] messages." (Baxter at par. 10).
In short, the People's February 15, 2024 opposition filing is entirely consistent with what this Court had inferred in its initial decision in regards to this point concerning the MeetMe messages. In its initial decision at 11, this Court deduced:
From this court's review of the entire record, it is readily apparent there does in fact exist a strategic and legitimate explanation with respect to why trial counsel may have chosen to refrain from utilizing the victim's text messages (Exhibit L) on cross-examination. Confronted with the fact that the defendant made admissions on jail recordings as well as to his girlfriend, Nemeth, that he had in fact had vaginal, anal, and oral sexual contact with the victim and "obviously she don't know," trial counsel made a prudent and reasonable strategic trial decision that it would not benefit his client to cross-examine the victim and suggest that defendant had not in fact engaged in sexual conduct with her when defendant himself had admitted to such conduct. Further, it was a prudent trial strategy not to attack the 18-year-old victim as a fabricator of false rape allegations and risk alienating the jury against his client. Instead, it appears trial counsel pursued a sound and reasoned trial strategy to vigorously attack the People's forensic toxicologist on cross-examination combined with counsel's thorough cross- examination of the victim in order to suggest to the jury (and later to the trial judge as trier of fact) that the victim simply could not recall that she had in fact consented to sexual relations with the defendant and at the time she so consented she was not physically helpless, as her physically helpless state from her voluntary intoxication only manifested itself well after she had completed consensual sexual contact with the defendant. As the Third Department notes, trial counsel "delivered a strong summation [and] was successful in obtaining a hung jury in the first trial and acquittal of one felony count in the second trial." Forney at 1118.
Upon review of Defendant's December 11, 2023 supplemental filing and the People's February 15, 2024 opposition papers, it is now clear that summary denial of Defendant's CPL 440 motion is required. People v. Stewart, 295 AD2d 249, 250 (1st Dept. 2002) (summary denial was appropriate where "defendant's papers were deficient in that they lacked an affirmation from trial counsel explaining his strategic decisions, or any explanation for the absence of such an affirmation"); People v. Robert, 214 AD3d 1085, 1087 (3rd Dept. 2023), leave to appeal denied, 39 NY3d 1156 (2023) (Defendant's failure to provide any affirmation/affidavit from trial counsel [regarding counsel's performance], or an explanation for the failure to do so, would, by itself, warrant summary denial of the 440 motion). Here, not only has motion counsel failed to provide an affirmation from Defendant's trial counsel, but it is the People who have filed such affirmation, which affirmation unambiguously demonstrates that trial counsel was not in possession of the MeetMe messages (Exhibit L) and even if he had possession of such, it would [*5]have been contrary to trial strategy to use such messages upon cross-examination of the victim.
The Defendant, through motion counsel, on November 7, 2023, filed an Order to Show Cause seeking $2,000.00 to employ a medical expert in order to produce a written report. Motion counsel argues, "[a]ccording to my investigation into this issue, a highly qualified medical expert will give an opinion, based on actual review of the facts of the case that what happened is exactly consistent with memory loss and blackout of voluntarily engaging in sex with the defendant while in an intoxicated condition [ ]" (Anderson at par. 13). Motion counsel has failed to articulate how expert opinion on alcohol blackouts would support Defendant's claim of ineffectiveness of trial counsel. To the contrary, had the Defendant offered expert testimony at trial that the victim was so intoxicated that she may have experienced memory blackouts, such expert would have corroborated and established the essential element at issue that the victim was legally incapable of providing consent because she was physically helpless as a result of extreme intoxication. Motion counsel has wholly failed to establish that additional expert funds would demonstrate that he received ineffective assistance of trial counsel. People v. Dearstyne, 305 AD2d 850 (3rd Dept. 2003).
This Supplemental Decision and Order does NOT resolve whether the Court should impose sanctions and/or costs against Defendant's motion counsel. As a reminder, this Court, in its initial decision stated:
The Court must consider whether 440 defendant's motion counsel may have violated any of the New York Rules of Professional Conduct, and whether this trial court must take any further action, including whether sanctions are warranted. 22 N.Y.C.R.R. Part 1200. See, NY RPC Rule 1.1; RPC Rule 1.3; RPC Rule 3.1; RPC Rule 3.3; Rule 8.4. See also, In re Kover, 134 AD3d 64 (1st Dept. 2015) (sanctions and costs appropriate for ad hominem attacks against the trial judge and opposing party). The Court will schedule a hearing on this matter after the conclusion of defendant's 440 motion proceedings. People v. Forney, 80 Misc 3d 1238 (Schuyler Co. Ct. 2023).
By separate and subsequent correspondence from the Court, motion counsel will be provided with notice of the Court's hearing to be held on the issue of the appropriateness of sanctions, and motion counsel will also be provided ample time and an opportunity to submit any relevant attorney affirmation and memorandum of law on this issue in advance of the Court's hearing on possible imposition of sanctions and/or costs.
This Supplemental Decision and Order resolves, at this trial court level, the entirety of Defendant's 440 motion and Order to Show Cause seeking funds for expert services. It is hereby:
ORDERED, Defendant's CPL Article 440 motion is DENIED without a hearing; and it is further
ORDERED, Defendant's Order to Show Cause requesting funds for expert services is DENIED.
This constitutes the Decision and Order of the Court entered upon notice to both parties.
A notice of appeal, if applicable, must be filed within thirty (30) days of the date of this Decision and Order.
Dated: February 22, 2024
Watkins Glen, NY
Hon. Scott A. Miller
Acting Schuyler County Court Judge