People v Matthews (2024 NY Slip Op 03346)

People v Matthews

2024 NY Slip Op 03346

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Ind. No. 003349/12 Appeal No. 2525-2525A Case No. 2021-04478, 2013-02260 

[*1]The People of the State of New York, Respondent,
v
Wilfred Matthews, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Matthew Bova of counsel), and Latham and Watkins LLP, Washington, D.C. (Cherish Drain of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Peter Rienzi of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 3, 2013, convicting defendant, after a jury trial, of murder in the first degree and murder in the second degree (two counts), and sentencing him to an aggregate term of life without parole, and order, same court and Justice, entered on or about September 15, 2021, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant's claim that the court violated CPL 310.30 by failing to provide defense counsel with meaningful notice of two jury notes (see generally People v O'Rama, 78 NY2d 270 [1991]) is unpreserved (see People v Williams, 21 NY3d 932, 935 [2013]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court provided meaningful notice of the contents of both jury notes. The court did not summarize or paraphrase the first challenged note, but instead read it "almost verbatim" (People v Ramirez, 60 AD3d 560, 561 [1st Dept 2009], affd 15 NY3d 824 [2010]). To the extent there were inconsistencies in punctuation between the note and the transcript, they were minor and did not alter the meaning of the note (see People v Carter, 201 AD3d 551, 551 [1st Dept 2022], lv denied 38 NY3d 949 [2022]). Although the court did not read the second disputed note into the record, the prosecutor thereafter stated, "For the record, both sides were given an opportunity to read the second note, as we were the first, prior to the court responding to the jury," without objection or comment from defense counsel or the court. The prosecutor's uncontradicted statement constituted "specific, record proof" that the court provided counsel with the contents of the jury note (People v Parker, 32 NY3d 49, 60 [2018]).
Defendant received effective assistance of counsel under the state and federal standards (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713-714 [1998]). Counsel vigorously represented defendant in the face of overwhelming evidence of defendant's guilt. The evidence at the CPL 440.10 hearing established that counsel investigated the crime, thoroughly reviewed discovery materials, and made strategic decisions in constructing a defense. Defendant's claims, amounting to no more than a "simple disagreement with [counsel's] strategies, tactics or the scope of possible cross-examination," do not satisfy his burden of establishing ineffective assistance (People v Flores, 84 NY2d 184, 187 [1994]; see also People v Fu Chen, 293 AD2d 362, 363 [1st Dept 2002], lv denied 98 NY2d 696 [2002]). Further, counsel cannot be faulted for declining to pursue a defense that had "little or no chance of success" (see People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]). While counsel conceded that his failures to request a limiting instruction regarding defendant's drug use or a circumstantial evidence charge were oversights, the motion court properly concluded that [*2]these errors were not so "egregious and prejudicial" as to deprive defendant of a fair trial. Finally, there was no reasonable probability that, but for these errors, the outcome would have been different.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024