People v Brown (2024 NY Slip Op 50807(U))

[*1]

People v Brown (Donald)

2024 NY Slip Op 50807(U)

Decided on June 20, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 20, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2022-866 W CR

The People of the State of New York, Respondent,
against
Donald Brown, Appellant. 

Thomas T. Keating, for appellant.
Westchester County District Attorney (Jill Oziemblewski and Steven A. Bender of counsel), for respondent.

Appeal from judgments of the Justice Court of the Village of Croton-On-Hudson, Westchester County (Sam R. Watkins, J.), rendered September 7, 2022. The judgments, upon jury verdicts, convicted defendant of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, making an unsafe lane change, and failing to signal, respectively, and imposed sentences.

ORDERED that the judgment convicting defendant of making an unsafe lane change is reversed, on the facts, the accusatory instrument charging that offense is dismissed, and the fine and surcharge, if paid, are remitted; and it is further,
ORDERED that the judgments convicting defendant of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, and failing to signal are affirmed.
Insofar as is relevant to this appeal, defendant was charged in separate accusatory instruments with, among other things, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), and failing to signal (Vehicle and Traffic Law § 1163 [a]). Following a jury trial, he was convicted of these three charges, and sentences were imposed.
At the trial, the court admitted into evidence a recording of a 911 emergency telephone call by a nontestifying witness, who reported that a vehicle, which he described by make, color, and license plate number, was being operated on Route 9A in a manner suggesting that the driver was intoxicated. The arresting officer testified that he was dispatched to the location identified by the 911 caller. Upon his arrival, he observed the vehicle described by the 911 caller, which, the officer later determined, was operated by defendant, moving between two lanes without [*2]signaling. After initiating a traffic stop, the officer detected odors of an alcoholic beverage and marihuana emanating from defendant and his vehicle. Defendant exhibited glassy, bloodshot eyes and slurred speech and admitted to the officer that he had smoked marihuana and drunk a beer before the traffic stop. The officer's search of defendant's vehicle produced a burned marihuana cigarette and a glass jar containing a substance the officer identified as marihuana. The officer further testified that he had completed standardized field sobriety test (SFST) training at the police academy, including training on the horizontal gaze nystagmus (HGN), nine-step walk and turn, and one-leg stand tests. In his career, he had observed people impaired by drugs "dozens" of times, people impaired by alcohol "close to a hundred" times, and people impaired by a combination of drugs and alcohol "a couple dozen" times. He had made arrests for driving while impaired by drugs "[a] couple; a few" times, for driving while impaired by alcohol "[m]ore than 50" times, and for driving while impaired by a combination of drugs and alcohol "a couple" of times. The officer testified that defendant performed the HGN, nine-step walk and turn, and one-leg stand tests and failed all three. A toxicologist testified that defendant's blood tested positive for alcohol as well as tetrahydrocannabinol (THC) and its metabolites.
During deliberations, the jury submitted a note requesting "the legal number to be considered under the influenced [sic] by drugs [and by] alcohal [sic]." The court informed counsel of the contents of the note and discussed potential responses with counsel. The court did not respond to the note before accepting the jury's verdicts.
On appeal, defendant argues that the arresting officer lacked the requisite training and experience to lay a proper foundation for his testimony regarding the SFSTs that he administered to defendant; that the court erred in failing to give a meaningful response to the jury note; that the court improperly admitted the recording of the 911 call; and that his convictions were against the weight of the evidence.
Contrary to defendant's contention, the People laid a proper foundation for the arresting officer's testimony regarding the SFSTs that he administered to defendant (see People v Echevarria-Acevedo, 76 Misc 3d 128[A], 2022 NY Slip Op 50787[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; cf. People v Fleck, 167 AD3d 771, 772 [2018]).
"[W]here[, as here,] counsel has meaningful notice of the content of a jury note and of the trial court's response, or lack thereof, to that note, the court's alleged violation of the meaningful response requirement does not constitute a mode of proceedings error, and counsel is required to preserve any claim of error for appellate review" (People v Mack, 27 NY3d 534, 537 [2016]; see People v Wiggs, 28 NY3d 987, 989 [2016]). Because defendant's trial counsel did not object to the court's decision to accept the verdicts without responding to the note, this alleged error is unpreserved for appellate review, and we decline to reach it in the interest of justice (see People v Price, 197 AD3d 1182, 1184 [2021]; People v Sylvestre, 178 AD3d 863, 863-864 [2019]; People v Gibson, 147 AD3d 779, 780 [2017]; People v McClean, 137 AD3d 940, 942 [2016]).
The recording of the entire 911 call was properly admitted into evidence under the present sense impression exception to the hearsay rule, and the probative value of this evidence outweighed any prejudicial effect (see People v Deverow, 38 NY3d 157, 165-166 [2022]; People v Porter, 210 AD3d 1012, 1014 [2022]; People v Chin, 148 AD3d 925, 925 [2017]; People v Gil, 64 Misc 3d 135[A], 2019 NY Slip Op 51113[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Coveney, 43 Misc 3d 140[A], 2014 NY Slip Op 50810[U] [App Term, 2d [*3]Dept, 9th & 10th Jud Dists 2014]; People v Long, 34 Misc 3d 151[A], 2012 NY Slip Op 50300[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Moreover, the admission of the recording of the 911 call did not violate defendant's right of confrontation because the declarant's statements were not testimonial (see Davis v Washington, 547 US 813, 822 [2006]; People v Rawlins, 10 NY3d 136, 149 n 7 [2008]; People v Clay, 88 AD3d 14, 18 [2011]). "The information conveyed by the declarant during the 911 call was for the purpose of seeking police intervention and did not result from structured questioning" (People v Long, 222 AD3d 881, 882 [2023]; see People v Gittens, 214 AD3d 670, 671 [2023]; People v Thomas, 187 AD3d 949, 950 [2020]).
Upon a defendant's request, this court must conduct a weight of the evidence review (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]). If a finding in favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). In conducting this review, great deference is accorded to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]).
Application of these principles here warrants the conclusion that the verdicts convicting defendant of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, and failing to signal were not against the weight of the evidence (see People v Wahl, 75 Misc 3d 40, 43 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Isler, 67 Misc 3d 143[A], 2020 NY Slip Op 50746[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Flores, 62 Misc 3d 46, 57 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; cf. Echevarria-Acevedo, 2022 NY Slip Op 50787[U]; People v DeVito, 75 Misc 3d 131[A], 2022 NY Slip Op 50438[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Guglielmo, 13 Misc 3d 138[A], 2006 NY Slip Op 52224[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). However, we find that the verdict convicting defendant of making an unsafe lane change was against the weight of the evidence, as there was no testimony regarding how defendant's lane changes were unsafe (see People v Legnetti, 73 Misc 3d 36, 39 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Krantz, 6 Misc 3d 129[A], 2005 NY Slip Op 50058[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
Accordingly, the judgment convicting defendant of making an unsafe lane change is reversed and the accusatory instrument charging that offense is dismissed. The judgments convicting defendant of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, and failing to signal are affirmed.
McCORMACK, J.P., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 20, 2024